```
UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
In re the Matter of AAUM and ASUM                        :
                                                         :
SANDIRA MARTINEZ,                                        :
                                                         :      **MEMORANDUM**
                              Petitioner,                :      **DECISION & ORDER**
                - against -                              :
                                                         :      16-cv-6126 (BMC)
MAXIMO URENA,                                            :
                              Respondent.                :
-------------------------------------------------------- X
```

**COGAN**, District Judge.

Petitioner moves the Court for an order directing the parties' twin boys be returned to the Dominican Republic. Petitioner seeks the order based on the Hague Convention on the Civil Aspects of International Child Abduction, the International Child Abduction Remedies Act, and the parties' stipulation and order in this case. For the reasons given below, petitioner's motion is granted with certain modifications.

## BACKGROUND

Petitioner filed this suit in November 2016. The following facts are taken from the complaint: Petitioner is a citizen of the Dominican Republic. Respondent *pro se* is a citizen of the United States and the Dominican Republic. The parties were married in 2010. After their marriage, the parties tried unsuccessfully to obtain a United States visa for petitioner. In October 2013, after the parties' twin boys were born, respondent proposed that he bring them to the United States and that petitioner continue with the visa-application process so that she could join them. Petitioner authorized the children to travel to the United States in 2014, but did so on the implicit condition that she would join them in the United States as soon as her visa application was granted. After the two boys traveled to the United States to meet respondent (no later than

July 28, 2014), respondent filed divorce papers against petitioner in the Dominican Republic. Respondent then informed petitioner that he intended to keep the children with him in the United States. Respondent obtained a default order of custody over the children in the Queens Family Court. Petitioner did not participate in the Queens Family Court proceeding.

On July 28, 2015, exactly one year after the date that at least her second child traveled to the United States (and possibly both children),[1] petitioner filed an application under the Hague Convention.

Petitioner then filed this complaint in federal court in November 2016. In that complaint, plaintiff sought the return of her twin boys under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 24, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11 and the International Child Abduction Remedies Act, 102 Stat. 437, 22 U.S.C. §§ 9001-9011, claiming that respondent had wrongfully removed and retained the children within the meaning of the Convention.

In January 2017, the parties entered into a stipulation, which provides (in relevant part):

1. Custody, including temporary custody, of the Children, AAUM and ASUM, shall be determined by a court in the Dominican Republic;

2. Petitioner shall commence the custody proceeding in the Dominican Republic by February 10, 2017;

3. Respondent shall subject himself and, if required by a court in the Dominican Republic, the Children[,] to the jurisdiction of the court in the Dominican Republic for purposes of such custody proceeding;

4. If the Children must be present in the Dominican Republic for purposes of such custody proceeding or for the court in the Dominican Republic to obtain jurisdiction over them, the Children shall be made present in the Dominican Republic for such purposes;

---

[1] The complaint states that "[t]he first Child traveled to the United States on or about May 7, 2014, and July 28, 2014, and the second Child did so on or about July 28, 2014."

* * *

9. The Court shall retain jurisdiction over this matter for purposes of enforcing this Stipulation and Order.

The parties submitted the proposed agreed-to stipulation to the Court, which held a status conference during which it discussed the stipulation's terms with respondent. After respondent acknowledged that he understood the terms and agreed to have the custody determination made by a Court in the Dominican Republic, the Court so-ordered it.

As contemplated by the stipulation, petitioner commenced a proceeding for custody of the children in the Dominican Republic. After a number of rescheduled hearings, the Dominican Republic court held a hearing on the case in January 2018 and dismissed the case.

Petitioner then filed the present motion seeking an order directing the children to be returned to the Dominican Republic. As part of her motion, petitioner attached a translation of the Dominican Republic court's opinion dismissing the case. According to petitioner, the dismissal was for lack of jurisdiction because the children reside in the United States with their father. (The Dominican Republic court relied on Article 90 of the Dominican Republic Code 136-03, which states that a custody claim must be filed in the court where the person with guardianship over the children resides.). Again according to petitioner, this dismissal was without prejudice and petitioner may bring her case again if respondent returns the children to the Dominican Republic. To support this interpretation, petitioner provided a declaration of her counsel from the Dominican Republic, sworn under penalty of perjury.

## DISCUSSION

Petitioner's motion (and this case more generally) is based on the Hague Convention, which was ratified by Congress and is incorporated into U.S. law as the International Child Abduction Remedies Act. The Dominican Republic is also a party to the Hague Convention.

The Convention's express objectives are "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." See Abbott v. Abbott, 560 U.S. 1, 8 (2010) (quoting Art. 1). Put another way, the Convention seeks to "preserve the status quo and to deter parents from crossing international boundaries in search of a more sympathetic court." Blondin v. Dubois, 189 F.3d 240, 245 (2d Cir. 1999) (quoting Friedrich v. Friedrich, 983 F.2d 1396, 1400 (6th Cir. 1993)); see also Mota v. Castillo, 692 F.3d 108, 111-12 (2d Cir. 2012).

The Convention provides that children who have been "wrongfully removed or retained within the meaning of the Convention," shall be "promptly returned," unless an exception applies. Abbott, 560 U.S. at 9 (quoting 22 U.S.C. § 9001(a)(4)). A removal is wrongful "if the parent who removed the children did so 'in breach of rights of custody' of the other parent." Ozaltin v. Ozaltin, 708 F.3d 355, 367 (2d Cir. 2013). The Convention defines "rights of custody" to "include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." Art. 5(a). The Convention protects rights of custody that were "actually exercised, either jointly or alone" at the time of the children's removal or retention or custody rights that "would have been so exercised but for the removal or retention." Art. 3(b).

The return remedy does not alter the pre-abduction allocation of custody rights but leaves custodial decisions to the courts of the country of habitual residence. Art. 19; see also 22 U.S.C. § 9001(b)(4). That "habitual residence" is, in turn, identified as the place where the parents with rights of custody last shared an intent for the children to remain. Gitter v. Gitter, 396 F.3d 124,

4

133-34 (2d Cir. 2005). "The last shared intent of the parents is a question of fact." Hofmann v. Sender, 716 F.3d 282, 292 (2d Cir. 2013); see also Gitter, 396 F.3d at 133.

With these principles in mind, the outcome of this motion is clear. Petitioner seeks an order to enforce the stipulation and order to which both parties agreed. That order was intended to resolve petitioner's claim under the Hague Convention that respondent wrongfully removed their children from the Dominican Republic to the United States because he removed the children in breach of her rights of custody over them.

Paragraph four of that order provides that "[i]f the Children must be present in the Dominican Republic for purposes of such custody proceeding or for the court in the Dominican Republic to obtain jurisdiction over them, the Children shall be made present in the Dominican Republic for such purposes." Petitioner has submitted the sworn affidavit of her Dominican Republic counsel that the Dominican Republic court dismissed the case for lack of jurisdiction because the children and respondent, who has current guardianship of the children, do not reside in the Dominican Republic. The declaration of petitioner's Dominican Republic counsel states that the Dominican Republic court's decision is without prejudice for petitioner to refile if the children are returned to the Dominican Republic and the earlier decision would not preclude petitioner from bringing a new claim.

The parties' agreement is consistent with and enforceable under the Hague Convention, which provides for a return remedy so that a decision of contested custody may be decided by a court of the children's country of habitual residence, or the place where the parents with rights of custody last shared an intent for the children to remain.

Respondent's opposition does not challenge the Court's authority to enforce the parties' agreed-to order, but rather makes a number of arguments on the merits of petitioner's underlying complaint. Even if these were procedurally proper, none is convincing.

First, respondent argues that petitioner cannot bring her claim under the Hague Convention because she granted permission for the children to travel to the United States in the first instance. Respondent has produced an affidavit of petitioner, sworn in April 2014, granting permission for the children to travel to the United States to meet respondent, their father. But petitioner alleges that her consent was contingent on her understanding that she would be joining the children in the United States shortly after they left. That petitioner consented for the children to travel to the United States with the understanding that the whole family would relocate together does not establish her consent for their removal "beyond those conditions or circumstances." Sanguineti v. Boqvist, No. 15-cv- 3159, 2015 WL 4560787, at *18 (S.D.N.Y. July, 24, 2015) (quoting Hofmann, 716 F.3d at 295); see, e.g., Hofmann, 716 F.3d at 289-90, 292 (affirming district court's order of return where mother's unilateral decision to remain in New York with children and without father exceeded father's consent that children relocate to New York as part of the family relocating together).

Second, respondent argues that bringing the children to the Dominican Republic would be futile because the court in the Dominican Republic has already determined that he has legal custody, or, in the alternative, it would be futile because the Dominican Republic court will simply defer to the Brooklyn Family Court's current custody order. According to the translation of the Dominican Republic court order provided by petitioner (the accuracy of which respondent does not contest), that Court did not decide the merits of the claim, but dismissed the case for lack of jurisdiction because the children reside in the United States with their father.

6

Furthermore, respondent has not cited any provisions of Dominican Republic law to support his argument that the Dominican Republic court would defer to the Brooklyn Family Court if the children were returned to the Dominican Republic, leaving this Court with no way to evaluate the merits of this theory. The Hague Convention's return remedy provides that decisions about custody should be made by a court of the children's country of habitual residence, see Hollis v. O'Driscoll, 739 F.3d 108, 112 (2d Cir. 2014), which in this case is the Dominican Republic. That court has not yet determined the merits of the parties' custody dispute, and this Court will not hazard a guess as to that court's conclusion.

Finally, respondent argues that Hague Conviction does not apply because "petitioner waited more than a year to bring the instant motion before this Court." Defendant appears to be invoking the "now settled" defense in Article 12 of the Convention, incorporated through 22 U.S.C. § 9003(e)(2)(B), which states that "[t]he judicial or administrative authority, even where the proceedings have been commenced after the expiration of the period of one year referred to in the preceding paragraph, shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment." Under § 9003(e)(2)(B), a respondent who opposes the return of the children has the burden of proving this exception under Article 12 applies, meaning that he must establish, by the preponderance of the evidence, that (1) the petitioner did not file the petition within one year of the time that the child was wrongfully removed or retained and (2) the child has become settled in the new environment.

Respondent's argument is misplaced: it attacks the underlying petition, which was resolved through the parties' stipulation and is not at issue in this motion. Even if the merits of the underlying petition were not at issue, and assuming that petitioner's application under the Hague Convention was insufficient to qualify as a "petition" filed within one year (an issue

7

briefed by neither party), respondent has not submitted any evidence that the children have become settled in their new environment. Even if it were appropriate to consider respondent's defense to the underlying petition at this juncture, respondent has not satisfied his burden here.

Petitioner's requested order is consistent with the Hague Convention and with U.S. law and seeks to enforce an order previously issued by this Court. None of respondent's arguments in opposition provide reasons why the Court should not issue the requested order. However, 22 U.S.C. § 9004(b) limits a court's authority to "order a child removed from the person having physical control of the child unless the applicable requirements of State law are satisfied." Petitioner has not submitted any evidence that the order she has requested requiring respondent to surrender the children to her or a Court-appointed guardian complies with New York state law. The Court therefore grants petitioner's request for an order enforcing the terms of the parties' stipulation as described below.

## CONCLUSION

Respondent is directed to return the children to the Dominican Republic as promptly as possible, but no later than 60 days from the date of this order. Respondent must pay the children's reasonable travel expenses to return. The children must remain in the Dominican Republic for however long is required for a Dominican Republic court to exercise jurisdiction over them and the parties' custody dispute. If respondent wishes the children to return in the company of petitioner or another temporary guardian appointed by the court, in lieu of returning

with them to the Dominican Republic himself, he may do so, but must inform the Court of this choice within 14 days.

**SO ORDERED.**

                                                                               U.S.D.J.

Dated: Brooklyn, New York
        May 29, 2018